1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANH L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

CASE NO. C22-1249-TLF

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's applications for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **REVERSED and REMANDED for further administrative proceedings**.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on January 28, 2019, alleging

ORDER
PAGE - 1

disability beginning December 31, 2016. AR 17. After the applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on March 29, 2021, and took testimony from Plaintiff and a vocational expert (VE). AR 36–55. On May 3, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 17–31. The Appeals Council denied Plaintiff's request for review on April 19, 2022, making the ALJ's decision the final decision of the Commissioner. AR 7–11; *see* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appeals the denial of disability benefits to this Court.

## II.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III.    THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At steps one through three, the ALJ found Plaintiff had not engaged in substantial gainful activity for a continuous 12-month period,[1] has one or more severe impairments, and does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment since the alleged onset date. AR 19–23.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the

---

[1] The ALJ found Plaintiff engaged in substantial gainful activity during the second and third quarter of 2018. AR 19.

ORDER
PAGE - 2

following limitations:

> the claimant can occasionally lift twenty pounds, frequently lift ten pounds; stand/walk for a total of about six hours and sit for about six hours in an eight-hour day; never climb ladders, ropes, and scaffolds; frequently climb ramps and stairs; occasionally kneel, crouch, and crawl; and must avoid concentrated exposure to extreme temperatures, fumes, dust, pulmonary irritants, unprotected heights, and heavy machinery. The claimant can understand, remember, and perform simple work; needs a five minute break every two hours; and can tolerate occasional changes in the workplace.

AR 23. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 30. At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 31. The ALJ thus concluded Plaintiff has not been disabled since the alleged onset date. AR 31.

## IV.    DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ erred by failing to ensure Plaintiff, who was unrepresented at the hearing, had a fair hearing and erred in failing to adequately develop the record; (2) whether the ALJ properly evaluated the opinion of Plaintiff's treating physician; and (3) whether the ALJ properly concluded Plaintiff would be capable of performing light work. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1.  Whether Plaintiff received a full and fair hearing.**

Plaintiff argues the ALJ failed to ensure Plaintiff received a full and fair hearing because Plaintiff, who has limited English proficiency, had difficulty communicating at the hearing and experienced challenges with the use of an interpreter. Dkt. 11, at 3–10. "The

ORDER
PAGE - 3

ALJ has a duty to conduct a full and fair hearing . . . and must be 'especially diligent' when the claimant is unrepresented . . . ." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (citation omitted). The ALJ further has a "duty to 'conduct an appropriate inquiry'" where the evidence is ambiguous or the ALJ finds "the record is inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted). "A specific finding of ambiguity or inadequacy of the record is not necessary to trigger this duty to inquire, where the record establishes ambiguity or inadequacy." *McLeod*, 640 F.3d at 885.

Here, the record is inadequate and ambiguous as to whether Plaintiff waived her right to counsel at the hearing. When the ALJ first asked Plaintiff at the hearing whether she gave up her right to have a representative, Plaintiff responded "No" and asked if her brother-in-law could help her. AR 38–39. Even after a Vietnamese interpreter joined the hearing, Plaintiff appeared to deny waiving her right to a representative:

> ALJ: [to Plaintiff] – did you tell me do you want to give up your right to a representative?
>
> CLMT: No, don't.

AR 41–42. The hearing transcript thus indicates Plaintiff denied waiving her right to representation at least twice during the hearing. Additionally, although Plaintiff asserted she did not want to postpone the hearing, Plaintiff's response does not clearly indicate Plaintiff waived her right to a representative:

> ALJ: [to Plaintiff] Do you want to give up your right to a representative and proceed here today or do you want to ask me for a postponement to get a representative?
>
> CLMT: I would like to proceed here today.

ORDER
PAGE - 4

AR 42. The ambiguity in Plaintiff's response is even more apparent given the difficulties Plaintiff had with understanding and communicating through the interpreter, as discussed below. Therefore, the record is ambiguous and does not adequately show Plaintiff waived her right to a representative at the hearing.

Additionally, the hearing transcript indicates Plaintiff had difficulty communicating through the interpreter. The interpreter, who appeared by telephone, frequently stated during the hearing that Plaintiff did not understand the interpreter's translation or that the interpreter could not understand Plaintiff's response: "Interpreter don't understand her answer." AR 45. "I can't hear what she said." AR 46. "She did not understand your question." AR 47. "I don't know what she's saying. I think she's trying to say something." AR 49. "I think she's confused that you were asking her." AR 51.

The interpreter also often noted Plaintiff had difficulty communicating with the interpreter in Vietnamese:

> Q: [to Plaintiff] do you live in a house or an apartment?
>
> A: I live in an apartment. No, it's a house.
>
> INT: **I don't think she understands Vietnamese**. I asked her in Vietnamese a house or an apartment. And she said I live in apartment. When I translate and she said I live in a house.
>
> BY ADMINISTRATIVE LAW JUDGE:
>
> Q: Please, ask her again to clarify if she lives in a house or an apartment.
>
> A: A house.
>
> Q: How many levels is the house?
>
> INT: **I don't understand her answer**.
>
> . . .

ORDER
PAGE - 5

BY ADMINISTRATIVE LAW JUDGE:

Q: [to interpreter] Can you ask her who comes to help her?

A: **She does not know how to say it in Vietnamese**.

Q: Okay. Have her say it in English.

A: Healthcare.

AR 45–46 (emphases added). Under agency procedures, "[i]f any participant in the hearing has difficulty understanding the interpretation, . . . then the ALJ must determine whether the claimant is receiving a full and fair hearing." Hearings, Appeals and Litigation Law (HALLEX) manual I-2-6-10; *see Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (although not binding, "as an agency manual, HALLEX is 'entitled to respect' . . . to the extent that is has the 'power to persuade.'" (citation omitted)). These significant interpretation issues resulted in ambiguous hearing testimony that is inadequate for proper evaluation of the evidence. Therefore, the ALJ was under a duty to develop the record further to ensure the record reflected clear and unambiguous testimony from Plaintiff.

The Commissioner argues Plaintiff failed to meet her burden to establish harm by the inaccurate or omitted hearing testimony and further argues Plaintiff failed to raise prejudicial error in her opening brief, thus waiving the argument. Dkt. 12, at 3–4. "[D]espite the burden to show prejudice being on the party claiming error by the administrative agency, the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error." *McLeod*, 640 F.3d at 888 (citation omitted). Here, as discussed above,

substantial evidence does not support the ALJ's finding that Plaintiff knowingly waived her right to a representative at the hearing, and the ALJ failed to develop the record to obtain clear and unambiguous testimony from Plaintiff. Based on the circumstances of this case, the ALJ's error denied Plaintiff a "full and fair hearing" and necessitates that this matter be remanded for further administrative proceedings. *See Tonapetyan*, 242 F.3d at 1151 (remanding for further administrative proceedings where the ALJ "failed to develop the record fully and fairly").

### 2. Remaining Issues

Plaintiff argues the ALJ erred in evaluating the opinion of Plaintiff's treating physician and the ALJ's conclusion that Plaintiff would be capable of performing light work. Dkt. 11, at 10–17. As the Court has found reversible error in the ALJ's failure to develop the record fully and fairly, the Court declines to consider whether the ALJ erred in evaluating the opinion of Plaintiff's treating physician and in concluding Plaintiff would be capable of performing light work. Rather, the Court directs the ALJ to reevaluate the medical opinion evidence and reassess Plaintiff's RFC as warranted by further consideration of the evidence.

### V.   CONCLUSION

For the reasons set forth above, this matter is **REVERSED and REMANDED for further administrative proceedings**.

DATED this 17th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER
PAGE - 7